# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. DAVISON,

        Petitioner,    :    Case No. 3:22-cv-269

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                          :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. 2254 is before the Court on Petitioner's Objections (ECF No. 19) and Petitioner's Motion for Extension of Time to File Objections (ECF No. 18).

The Magistrate Judge filed a Report and Recommendations recommending dismissal of the Petition on January 3, 2023 (ECF No. 12). The Clerk mailed a copy of the Report to Petitioner on the same day. The Report notified Petitioner that any objections were required to be filed within seventeen days of the date of filing which would have been by January 20, 2023.

On January 25, 2023, Petitioner requested an extension of time to object to January 25, 2023 (ECF No. 13), but he also filed his Objections on the same day (ECF No. 14). The Magistrate Judge granted the extension (ECF No. 15). However, not noting that the extension had been granted, District Judge Newman entered judgment January 26, 2023 (ECF No. 16, 17).

1

The Objections are timely so as to be considered as a motion to amend the judgment under Fed.R.Civ.P. 59(e) and will be analyzed as such herein.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Davison claims he never received the effective assistance of counsel guaranteed by the Sixth Amendment in that his trial counsel never moved to suppress evidence used against him which had been unlawfully seized.  The Report concluded this claim was procedurally defaulted because it had never been presented to the Second District Court of Appeals, despite being evident on the record (Report, ECF No. 12, PageID 1205).

Davison analogizes his situation to that of a restaurant customer whose pancakes are cooked perfectly on one side, but burned on the other, which is clearly deficient performance by the chef (Motion, ECF No. 19, PageID 1235).  The analogy is incomplete.  If the customer never complains about the burned side of the pancakes but goes ahead and eats them, he cannot reasonably expect to have them taken off the bill or to get another serving.  The fact that no motion to suppress was every filed is evident on the face of the record.  Our legal system gives the defendant who has been poorly served by his trial attorney an advocate to complain on his behalf, a separate attorney to prosecute an appeal.

Because the effective assistance of appellate counsel is also constitutionally guaranteed, the failure by an appellate attorney to raise as claim of ineffective assistance of trial counsel can excuse a procedural default of that claim.  But again, you cannot get a refund without complaining.  As the Report notes, Ohio provides a way of complaining about ineffective assistance of appellate

counsel, to wit, by application to reopen the appeal under Ohio R. App. P. 26(B).  But Davison never filed such an application.

Plaintiff claims he never had the documents necessary to substantiate a 26(B) application until they were served on him as part of the State Court Record in this habeas case.  But he does not present any evidence that he ever asked for those documents.

Davison's Objections are without merit.  Construed as a motion to amend the judgment, they should be denied.

February 13, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
